**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**SHAWN BURKHALTER**                                     **CIVIL ACTION NO.**

**VERSUS**

                                                         **22-1046-JWD-EWD**

**KILOLO KIJAKAZI**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 12, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHAWN BURKHALTER                                    CIVIL ACTION NO.

VERSUS

                                                    22-1046-JWD-EWD

KILOLO KIJAKAZI

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Shawn Burkhalter ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] Plaintiff has filed a Memorandum in Support of Appeal[2] and the Commissioner has filed an Opposition Memorandum.[3]

Because Plaintiff has not shown that the Administrative Law Judge's ("ALJ") failure to reconcile the vocational expert's misstatement regarding the requirements of the DOT code for vocational training instructor caused prejudice or harmful error, it is recommended that the Commissioner's decision be affirmed.

**I.  PROCEDURAL HISTORY**

On January 27, 2020, Plaintiff filed an application for DIB and SSI alleging disability beginning January 31, 2017, which she later amended to October 5, 2017.[4] At the time of the

---

[1] References to documents filed in this case are designated by "R. Doc. __" for their location in the electronic record filed with this Court. *See* R. Doc. 9-6, pp. 2-8 (January 27, 2020 applications for DIB and SSI) and R. Doc. 9-3, pp. 2-7 (Notice of Appeals Council Action).

[2] R. Doc. 11 and *see* reply brief at R. Doc. 13.

[3] R. Doc. 12.

[4] R. Doc. 9-6, p. 2. The application is dated January 27, 2020 but the application summary states that the application was completed on February 4, 2020. R. Doc. 9-6, p. 5. At the July 21, 2021 hearing, Plaintiff amended her disability onset date to October 5, 2017. R. Doc. 9-3, p. 43 and *see also id.* at p. 68. *See also* Plaintiff's prehearing brief at R. Doc. 9-7, p. 95. The ALJ's decision acknowledges the amended onset date, but also sometimes continues to refer to the January 31, 2017 onset date; however, the onset date is not at issue in this appeal. *Compare* R. Doc. 9-3, pp. 17, 28 *with id.* at pp. 16, 18.

applications, the Commissioner determined that the date that Plaintiff last met the insured status requirements of the Social Security Act was December 31, 2022.[5] Both claims were initially denied on April 30, 2020,[6] and then again on reconsideration on November 24, 2020.[7] Thereafter, Plaintiff timely requested a hearing before an ALJ.[8] A hearing was held via telephone on July 20, 2021, at which Plaintiff, who was represented by counsel, testified.[9] A supplemental hearing was held via telephone on April 5, 2022, at which Plaintiff was represented by counsel.[10] Medical expert Dr. Nita Dhiman and vocational expert Marsha Storozyszyn ("VE") also testified.[11] On May 2, 2022, the ALJ issued a notice of unfavorable decision.[12] Plaintiff, still represented by counsel, timely requested review by the Appeals Council.[13] On October 24, 2022, the Appeals Council denied Plaintiff's request for review.[14]

On December 21, 2022, Plaintiff timely filed her counseled Complaint in this Court.[15] Accordingly, Plaintiff exhausted her administrative remedies before timely filing this action for judicial review and the Appeals Council's decision is the Commissioner's final decision for

---

[5] R. Doc. 9-6, p. 9; R. Doc. 9-7, p. 5. Plaintiff's earnings history is at R. Doc. 9-6, pp. 9-27. The ALJ decision also notes that Plaintiff's date last insured was December 31, 2022. R. Doc. 9-3, p. 18. The date last insured is not at issue in this appeal.
[6] R. Doc. 9-4, pp. 30-31. Plaintiff was notified of the decision by letter. R. Doc. 9-5, pp. 4-14.
[7] R. Doc. 9-4, pp. 32, 34. Plaintiff timely sought reconsideration. R. Doc. 9-3, p. 16. Plaintiff was notified of the decision by letter. R. Doc. 9-5, pp. 19-26.
[8] Plaintiff requested the hearing on December 1, 2020. R. Doc. 9-5, pp. 27-30.
[9] R. Doc. 9-5, pp. 2-3 (fee agreement and appointment of representatives); R. Doc. 9-3 pp. 39-63 (transcript of July 21, 2021 hearing); and R. Doc. 9-7, pp. 95-106. (Plaintiff's prehearing brief). Plaintiff agreed to conduct the hearing via telephone due to the COVID-19 pandemic. R. Doc. 9-3, pp. 41-42 and R. Doc. 9-5, pp. 60-63, 90.
[10] R. Doc. 9-3, pp. 64-88 (transcript of April 5, 2022 hearing) and *see* R. Doc. 9-7, pp. 114-117 (Plaintiff's supplemental prehearing brief). Plaintiff agreed to conduct the second hearing by telephone. R. Doc. 9-3, p. 67 and R. Doc. 9-5, p. 151.
[11] *Id.* The ALJ held the second hearing to obtain the testimony of Dr. Dhiman and the VE in response to Plaintiff's submission of approximately 3,000 additional pages of medical records. R. Doc. 9-3, pp. 66-67.
[12] R. Doc. 9-3, pp. 13-38.
[13] R. Doc. 9-5, pp. 164-66 (May 3, 2022 Plaintiff's request for appeal to the Appeals Council) and R. Doc. 9-3, pp. 8-10.
[14] R. Doc. 9-3, pp. 1-7.
[15] R. Doc. 1.

2

purposes of judicial review.[16]

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards.[17]

## III. PLAINTIFF'S ASSIGNMENT OF ERROR

Plaintiff argues a single assignment of error, to-wit: "the ALJ failed to resolve the apparent conflict between the testimony of the VE and the Dictionary of Occupational Titles (DOT) as required by Agency policy," and more specifically, "there was a serious and apparent conflict between the testimony of the VE and the contents of the DOT with regard to the level of exposure to moving machinery required in the occupation the ALJ adopted and sought to rely upon in support of his finding that [Plaintiff is] not disabled."[18]

## IV. LAW AND ANALYSIS

### A. Standard of Review

If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.[19] Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a

---

[16] *See* 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").
[17] *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).
[18] R. Doc. 11, pp. 2, 3.
[19] *Richardson v. Perales*, 402 U.S. 389-90, 401 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (superseded by statute on other grounds, *see Stancle v. Colvin,* No. 4:15-00405-CAN, 2016 WL 3172784, at *8, n. 11 (E.D. Tex. June 7, 2016)).

3

preponderance.[20] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[21] Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side.[22] In applying the substantial evidence standard, the court must review the entire record as whole, but may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.[23] If the Commissioner fails to apply the correct legal standards or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.

## B. Plaintiff Has Not Shown Prejudice or Harmful Error in the ALJ's Failure to Reconcile the VE's Testimony that Allegedly Conflicts with the DOT

At all times, Plaintiff bears the burden of proving her disability by establishing a physical or mental impairment lasting at least twelve months that prevents her from engaging in any substantial gainful activity.[24] At step four of the sequential evaluation process, the ALJ may find that a plaintiff is not disabled because she can either perform her past relevant work as she specifically performed it or as it is generally performed in the national economy.[25] In this case, the ALJ found that Plaintiff could perform her past relevant work of a vocational training instructor as it is generally performed.[26] Plaintiff's sole assignment of error lacks merit because, although the VE appears to have testified incorrectly regarding the requirements of the DOT code for

---

[20] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).
[21] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001), quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).
[22] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).
[23] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[24] *See* 42 U.S.C. §§ 416(i)(1) and *Newton v. Apfel,* 209 F.3d at 452.
[25] *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987).
[26] R. Doc. 9-3, p. 28 ("In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed.").

vocational training instructor, there is no error because the RFC does not conflict with the actual requirements of the DOT.

The ALJ made the following RFC determination, which Plaintiff does not challenge (with the provision pertinent to Plaintiff's assignment of error emphasized):[27]

> After careful consideration of the record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand and/or walk for 2 hours at a time; can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch and crawl; can occasionally reach overhead, either singly or in tandem, bilaterally; can frequently reach in all directions bilaterally; can frequently engage in gross and fine manipulation and can frequently feel; **must avoid all exposure to** unprotected heights and **moving and heavy machinery;** must avoid all exposure to vibration; and can have occasional exposure to temperature extremes and wetness and humidity.[28]

Then, at step 4 of the sequential evaluation process, the ALJ determined:

> The claimant is capable of performing past relevant work as a vocational training instructor (DOT 097.221-010, SVP 7, light but performed at medium). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).[29]

In reaching his step 4 determination, the ALJ relied upon the testimony of the VE, who identified the applicable DOT title and code, "Instructor, Vocational Training" based upon Plaintiff's testimony of past relevant work as an instructor.[30] DOT 097.221-010 provides:

> "TITLE(s): INSTRUCTOR, VOCATIONAL TRAINING (education) alternate titles: teacher, vocational training. training Teaches vocational training subjects to students in public or private schools or in industrial plants: Organizes program of practical and technical instruction, including

---

[27] Because Plaintiff does not challenge the ALJ's RFC findings or his findings at any of the prior steps, those findings are not addressed here.
[28] R. Doc. 9-3, p. 21, and *see id*., at pp. 26-27, noting a very similar RFC testified to by Dr. Dhiman, which the ALJ found persuasive and consistent. *See* Dr. Dhiman's corresponding testimony at R. Doc. 93, pp. 72-73 ("Claimant should avoid working on unprotected heights and heavy machinery." Dr. Dhiman's environmental restriction is slightly different, as it did not restrict exposure to moving machinery).
[29] R. Doc. 9-3, p. 28.
[30] R. Doc. 9-3, pp. 77- 79, 81-84.

5

demonstrations of skills required in trade, and lectures on theory, techniques, and terminology. **Instructs students in subject areas, such as** mathematics, science, drawing, **use and maintenance of tools and equipment**, codes or regulations related to trade, and safety precautions. Plans and supervises work of students, individually or in small groups, in shop or laboratory. Tests and evaluates achievement of student in technical knowledge and trade skills. May be identified according to trade or theory taught or type of establishment in which training is conducted, such as plumbing, electronics, or dental assistance. May place students in job training. May teach students with disabilities. May be required to have certification from state."[31]

The VE noted that the job was rated as light but was performed by Plaintiff as medium.[32] In response to the ALJ's hypothetical, the VE testified that, a person of Plaintiff's age group,[33] education, and experience could perform the vocational training instructor job as it is generally performed.[34] Notably, the VE then made a point of clarification:

> A. And I do want to make one clarification on that, Judge.
>
> Q. Okay.
>
> A. The DOT with that code, since it does talk about vocational training, it does include other types of vocational training, such as plumbing and other types of training that you'd receive in a vo-tech school. **So it does list occasional moving equipment.** But that would not apply to what she [Plaintiff] did."[35]

Plaintiff argues that "there was a serious and apparent conflict between the testimony of the VE and the contents of the DOT with regard to the level of exposure to moving machinery required in the occupation the ALJ adopted and sought to rely upon in support of his finding that [Plaintiff] not disabled. Plaintiff thus contends the position requires more exposure to moving mechanical

---

[31] https://occupationalinfo.org/09/097221010.html (emphasis added) (last visited 1/9/2024).
[32] R. Doc. 9-3, pp. 83-84. Specifically, as to Plaintiff's past relevant work as an instructor, Plaintiff testified that she was an Allied Health instructor for 14 years at Career Compass College and is certified in phlebotomy, medical assisting, and CPR. R. Doc. 9-3, pp. 78-82.
[33] The hypothetical posited an individual aged 50. R. Doc. 9-3, p. 84. Plaintiff was age 54 at the time of the hearing but both are in the category of "closely approaching advanced age." *See* R. Doc. 9-3, p. 45 (Plaintiff's date of birth is April 19, 1967) and 20 C.F.R. § 404.1563.
[34] R. Doc. 9-3, pp. 84-85.
[35] R. Doc. 9-3, pp. 85-86.

parts than that allowed for by the VE's characterization of the job (or by the ALJ's RFC).[36] Plaintiff contends that, pursuant to SSR 00-4p, before the ALJ can rely on the VE's testimony to support a finding of non-disability, he must identify, address, and explain the resolution of any apparent conflicts between the VE's testimony and the DOT. The ALJ must obtain a reasonable explanation from the VE as to why the VE's testimony conflicts with the DOT, and then the ALJ must resolve the apparent conflict and explain his basis for resolving it. Plaintiff contends that the ALJ failed to resolve the apparent conflict between the VE's testimony in this case and the DOT, which requires remand.[37]

An ALJ may take notice of the reliable job information available from the DOT, which reflects the exertional and nonexertional requirements of a job as performed in the national economy.[38] "A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT,"[39] and thus the ALJ may rely on vocational expert testimony to make a step four finding.[40] Plaintiff is correct that the Fifth Circuit has held that, "To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT… the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so."[41] While the VE testified that the DOT code for vocational training instructor "does list **occasional moving equipment**,"[42]

---

[36] R. Doc. 11, p. 4.
[37] R. Doc. 11, pp. 3-5, citing *Carey*, 230 F.2d [sic, F.3d] at 146, Policy Interpretation Ruling : Titles II & VI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000), and the Vocational Expert Handbook, p. 38 ("The ALJ is required to elicit an explanation from you for any conflict or apparent conflict between occupational information you provide and the information in the *DOT*.") Plaintiff failed to provide a citation for the Handbook but it is found here: https://www.ssa.gov/appeals/public_experts/Vocational_Experts_%28VE%29_Handbook-508.pdf.
[38] *See Villa*, 895 F.2d at 1022.
[39] SR 00-4P, 2000 WL 1898704, at *3.
[40] *See generally, id.*
[41] *Carey,* 230 F.3d at 146.
[42] R. Doc. 9-3, pp. 85-86 (emphasis added).

7

the DOT code for the position does not contain that information.[43] The only express reference to the term "equipment" in the DOT listing is to the "*Instruct[ion of] students* in subject areas, such as …*use and maintenance of* tools and *equipment*…."[44] The VE's testimony regarding occasional moving equipment was, at most, a misstatement regarding a requirement not actually found in the applicable DOT code[45] (and one that would not apply to Plaintiff, regardless, per the VE's testimony). Assuming that the VE's misstatement could be considered to conflict with the DOT listing, the ALJ did not address it per SSR 00-4p.  However, "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected;" therefore, the ALJ's failure to address the purported conflict does not result in remand unless the Plaintiff can demonstrate prejudice.[46] To establish prejudice, Plaintiff must show that the ALJ's failure to resolve the conflict in the VE's

---

[43] *See* the DOT description, *supra.*

[44] https://occupationalinfo.org/09/097221010.html (emphasis added).  Despite her unsupported reference to the vocational training instructor position involving occasional moving equipment, the VE noted that the DOT code generally referred to different types of vocational instruction, including plumbing, but the portion of the DOT description interpreted by the VE as referring to "occasional moving equipment" would not apply to what Plaintiff testified she did as an instructor in the Allied Health field, teaching phlebotomy and medical assisting. R. Doc. 9-3, pp. 78-79.  The VE's finding is consistent with SSR 00-4p, which as the Commissioner points out, states: "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."   *See* R. Doc. 12, p. 5 and SSR 00-4P, 2000 WL 1898704, at *3.  *See also id.* at *2, ("The term "occupation," as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs.").

[45] The VE's testimony that the DOT description "list[s] occasional moving equipment," could have meant that the job involved occasional exposure to moving equipment, or that the instructor would occasionally have to move equipment. R. Doc. 9-3, pp. 85-86.  Plaintiff argues that the VE was referring to the former, but the VE's testimony on this issue is ambiguous.  Plaintiff's counsel did not question the VE for clarification on this issue, despite the opportunity to do so at the hearing.  R. Doc. 9-3, p. 87. Because the VE's testimony on this issue was a misstatement, Plaintiff's argument in reply--that the ALJ inadequately addressed the purported conflict by interpreting the VE's testimony as referring to "the need to move equipment occasionally," as opposed to exposure to "occasional moving equipment"--is not reached.  *See* R. Doc. 9-3, p. 28 ("I also note that the vocational expert testified that although the DOT requires the need to move equipment occasionally, the claimant can still perform her past work because it is not applicable to her work situation.") and R. Doc. 13, p. 2.

[46] *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) and *McNair v. Comm'r of Soc. Sec. Admin.,* 537 F. Supp. 2d 823, 838 (N.D. Tex. 2008) ("A violation of a ruling, on the other hand, 'may also constitute error warranting reversal and remand when an aggrieved claimant shows prejudice resulting from the violation.' *Id.* (citing *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000)).").   *See also Carey,* 230 F.3d at 146-47 ("[Claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.").

testimony and the DOT casts doubt on the existence of substantial evidence supporting the disability determination.[47] In this case, substantial evidence supports the ultimate disability determination that Plaintiff could perform her past relevant work in conformance with her RFC, despite the VE's misstatement, because the actual DOT listing upon which Plaintiff's past relevant work was premised does not reference any moving equipment, and therefore does not conflict with Plaintiff's RFC restrictions.[48]

Plaintiff additionally argues that the DOT listing relied on by the VE and the ALJ in his step four determination, which "requires **occasional** exposure to **moving mechanical parts**"[49] conflicts with the ALJ's RFC, which states that Plaintiff "must avoid **all** exposure to **moving and heavy machinery**."[50] Plaintiff contends that the RFC does not permit Plaintiff to be exposed even occasionally to moving and heavy machinery,[51] and therefore the RFC prevents Plaintiff from being able to perform the essential functions of the vocational training instructor position and remand is required.

As mentioned above, the DOT requirements for the vocational training instructor position do not expressly require exposure to any "moving mechanical parts;" rather, the DOT requirements contemplate the vocational training instructor's *instruction* on the use and maintenance of "tools" and "equipment."[52] Furthermore, Plaintiff's RFC requires Plaintiff to "**avoid** all **exposure** to

---

[47] *McNair,* 537 F.Supp.2d at 837 (N.D. Tex. 2008), citing *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988).
[48] As noted in *Graves v. Colvin,* 837 F.3d 589, 593 (5th Cir. 2016) ("Other circuits also apply harmless-error analysis to this type of procedural error.') (internal citations omitted). Plaintiff has the burden of showing harmful error, and applying that analysis has the same result. The DOT listing for the job underlying the vocational instructor position does not contain a moving equipment requirement that conflicts with Plaintiff's RFC, and therefore the ALJ's failure to address the VE's statement regarding that requirement versus the DOT listing was also harmless. *Mathews v. Comm'r Soc. Sec. Admin.,* No. 16-916, 2018 WL 1524525, at *4 (E.D. Tex. Mar. 28, 2018) ("The burden of showing that an error is harmful falls on the party attacking the Commissioner's decision.).
[49] R. Doc. 11, p. 4 (emphasis added) ("According to the DOT, the occupation of vocational training instructor requires occasional exposure to moving mechanical parts. See DOT § 097.221-010.").
[50] R. Doc. 11, p. 4, citing R. Doc. 9-3, p. 21 (emphasis added).
[51] R. Doc. 11, p. 4, citing SSR 83-14, 1983 WL 31254, ("Occasionally" means doing an activity from very little up to one-third of the time.").
[52] DOT 097.221-010 (emphasis added).

9

unprotected heights **and *moving* and *heavy machinery*,"**[53] *i.e.*, machinery that is moving and/or heavy,[54] which exposure is not required in the DOT for the vocational training instructor position. Therefore, the DOT requirements for the vocational training instructor position, as recommended by the VE, and as adopted by the ALJ, do not conflict with Plaintiff's RFC.

**V.    RECOMMENDATION**

The analysis above demonstrates that Plaintiff's claim of reversible error is without merit. Because Plaintiff has not shown that the Administrative Law Judge's ("ALJ") failure to reconcile the vocational expert's misstatement regarding the requirements of the DOT code for vocational training instructor caused prejudice or harmful error, it is recommended that the Commissioner's decision be **AFFIRMED,** and this action be **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on January 12, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] R. Doc. 9-3, p. 21 (emphasis added).
[54] R. Doc. 9-3, p. 21 and *see* R. Doc. 12, p. 6, n. 1. This is consistent with the hypothetical asked of the VE, which restricted Plaintiff from exposure to moving, and heavy machinery ("The individual must avoid all exposure to unprotected heights and moving, and heavy machinery.") R. Doc. 9-3, p. 85. The ALJ's RFC is actually more restrictive than the RFC testified to by Dr. Dhiman, which precluded Plaintiff from working on "unprotected heights and heavy machinery," with no reference to moving machinery. R. Do. 9-3, p. 73.

10